IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKAYLA AVERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-cv-2168-N |
| v. | § | ECF |
| | § | |
| ARCHIVAL MAGAZINE, LLC, | § | |
| ARCHIVAL INSTITUTE, LLC, | § | |
| THE GARZA LEGAL GROUP, GARZA | § | |
| & HARRIS, LTD, and JOE B. GARZA | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE ON THE GARZA DEFENDANTS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

In accordance with Federal Rule of Civil Procedure 4, Plaintiff Mikayla Avery files this Motion for Substituted Service on the Garza Defendants and respectfully shows the following:

### Background

On August 14, 2020, Plaintiff filed suit against Archival Magazine, LLC; Archival Institute, LLC, The Garza Legal Group; Garza & Harris, LTD; and Joe B. Garza.[1]  Doc. 1.  The Original Complaint alleges that the Defendants engaged in sex discrimination and retaliation against Ms. Avery because of her transgender status.

---

[1] For ease of reference, The Garza Legal Group, Garza & Harris, LTD, and Joe B. Garza with be referred to as the "Garza Defendants."

*Id.* Plaintiff also requested that summonses be issued for each of the Defendants. Doc. 3.

That same day, undersigned counsel also sent an email to Defendants' attorney Tracy Graves Wolf requesting that Defendants waive service. *See* Ex. A. Ms. Wolf replied that she would forward the requests to the Defendants. *Id.* Thirteen days later, on August 27, 2020, Ms. Wolf informed undersigned counsel that she no longer represented the Defendants.

Under Rule 4(d)(1)(F), a defendant has up to 30 days to return a waiver of service. To date, none of the Defendants have returned a waiver of service nor provided good cause for refusing to do so.

After more than 30 days passed, undersigned counsel contacted the Assured Civil Process Agency to serve the Defendants through their registered agents as listed with the Secretary of State. *See* Ex. B. The registered agent for Archival Magazine and Institute is Shannon Niehus, who is also the CEO and Founder of those companies. The registered agent for The Garza Legal Group and Garza & Harris, LTD is Joe B. Garza, who is the founder and principal of those companies. Ex. C

Eventually, the process server was able to perfect service on Archival Magazine and Archival Institute at a second address that was provided. *See* Doc. 6. However, the process server reported that, after many attempts service could not be accomplished for the Garza Defendants at either address. *See* Ex. D.

Accordingly, Plaintiff now asks this Court to authorize substituted service on the Garza Defendants through the Texas Secretary of State and via email to the business emails of Joe Garza who operates each of the Garza Defendants.

### Argument & Authority

Under Rule 4, a corporation, partnership or association may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Rule 106 of the Texas Rules of Civil Procedure allows substituted service after previous unsuccessful attempts have been demonstrated via affidavit.

Here, the process server has submitted an affidavit pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code stating that service has been attempted multiple times at various locations without success. *See* Ex. D. Because personal service has proven to be unsuccessful, substituted service through the secretary of the state should be allowed and will be successful.

Additionally, this Court can authorize service by email if evidence shows that it will be reasonably effective to give the defendant notice of the suit. *See Spencer v. City of Cibolo, Texas*, No. SA-20-CV-00350-JKP, 2020 WL 2043980 at *1-2 (W.D. Tex. April 27, 2020). In *Spencer*, the district court authorized email service to the email addresses used to conduct business when the Plaintiff has unsuccessfully been able to effectuate personal service. *Id.*

Here, Plaintiff, has a business email addresses for Joe B. Garza through which she conducted business with him during her employment. *See* Ex. E redacted. Service through this email address is reasonably calculated to provide the Garza Defendants with notice of this lawsuit. Therefore, Plaintiff requests such service be authorized.

## Prayer

For the foregoing reasons, Plaintiff's counsel prays this Court grants this motion and authorizes service through the Texas Secretary of State and by email.

Respectfully submitted,
WILEY WALSH, P.C.

By: */s/ Colin Walsh*
Colin Walsh
Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*

**WILEY WALSH, P.C.**
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Telephone: (512) 27-5527
Facsimile: (512) 201-1263
colin@wileywalsh.com

**ATTORNEY FOR PLAINTIFF**