IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKAYLA AVERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-02168-N |
| | § | |
| ARCHIVAL MAGAZINE, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants Archival Magazine, LLC, Archival Institute, LLC, The Garza Legal Group, Garza & Harris LTD, and Joe Garza's motion for summary judgment [16]. Because Plaintiff Mikayla Avery is judicially estopped from pursuing the claims in this case, the Court grants the motion.

## I. ORIGINS OF THE MOTION

Avery filed suit alleging Title VII claims of sex discrimination and retaliation based upon transgender status against Defendants, who are Avery's former employer, the firm that issued paychecks for Archival Institute, LLC, and the principal partner of the firm. Defendants have filed this motion for summary judgment, arguing that Avery lacks standing and should be judicially estopped from asserting these claims because Avery did not disclose them to the bankruptcy court during Chapter 7 bankruptcy proceedings.

ORDER – PAGE 1

## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense.  *Celotex*, 477 U.S. at 322–25.  Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en

ORDER – PAGE 2

banc).  Factual controversies are resolved in favor of the nonmoving party "only when an

actual controversy exists, that is, when both parties have submitted evidence of

contradictory facts."  *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999)

(quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th

Cir. 1995)).

### III.  THE COURT GRANTS THE MOTION

Judicial estoppel bars a claim if: (1) the party has asserted a position that is clearly

inconsistent with a previous position; (2) the court accepted the previous position; and (3)

the nondisclosure was not inadvertent.  *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335

(5th Cir. 2004).  In the context of Chapter 7 bankruptcy, a party must disclose all pending

litigation or potential legal claims.  *See* 11 U.S.C §§ 521(1), 541(a)(1); *see also Thomas v.

Pro. L. Firm &, Corp. of Barret*, No. 4:13-CV-2481, 2013 WL 12156323, at *3 (S.D. Tex.

Dec. 24, 2013).  Omitting a claim from bankruptcy schedules and stipulations is tantamount

to representing that no such claims exist.  *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th

Cir. 1999).

Avery did not disclose the Title VII claims to the bankruptcy court.  Avery argues

that this nondisclosure does not create an inconsistent position because Avery's claims did

not exist until the Supreme Court decided *Bostock v. Clayton Cnty. Ga.*, 140 S. Ct. 1731

(2020).   Prior to *Bostock*, the Fifth Circuit had held that Title VII did not cover

discrimination based on sexual orientation.  *Blum v. Gulf Oil Corp.*, 597 F.2d 936 (5th Cir.

1979).  The Fifth Circuit never squarely decided, prior to *Bostock*, whether *Blum* also

applied to discrimination based on transgender status.  *Wittmer v. Phillips 66 Co.*, 915 F.3d

328, 333 (Higginbotham, J., concurring) ("[W]e do not reach here to resolve *Blum*'s endurance or the question of whether Title VII today proscribes discrimination against someone because of sexual orientation or transgender status.").

Avery filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on transgender status prior to initiating Chapter 7 bankruptcy. Avery additionally sent the Texas Workforce Commission a copy of the charge and asked the agency to find that there was reasonable cause to conclude that Defendants discriminated and retaliated against Avery. Avery clearly believed she possessed a valid discrimination claim and pursued that claim before the EEOC and the Texas Workforce Commission. Thus, Avery had a duty to disclose the Title VII claims to the bankruptcy court. *See Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (finding the first element of judicial estoppel satisfied because the plaintiff filed an EEOC charge before bankruptcy petition and did not disclose the charge to the bankruptcy court). Because Avery did not disclose those claims, she essentially represented that they did not exist. Accordingly, Avery knowingly represented that she did not have the Title VII discrimination claims against Defendants and the bankruptcy court accepted the earlier nondisclosure. As such, judicial estoppel applies.

## CONCLUSION

Because Avery is judicially estopped from asserting her Title VII claims against Defendants, the Court grants Defendants summary judgment.

Signed July 16, 2021.

David C. Godbey
United States District Judge

ORDER – PAGE 5